IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FILED
2012 JUL 27 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

| | |
|---|---|
| TERRY WHITE, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| HOEGANAES CORPORATION, | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and alleges the following in her cause of action against Defendant: <u>Count One</u> - Violation of Civil Rights Act of 1991,; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; <u>Count Two</u> -Americans with Disability Act; <u>Count Three</u> - Violations of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq*.; <u>Count Four</u> - The Age Discrimination in Employment Act; and, <u>Count Five</u> - Tennessee Handicap and the Americans with Disability Act.

1. Plaintiff, Terry White, resides in Sumner County, Tennessee.

2. Defendant, Hoeganaes Corporation, is located at 1315 Airport Road, Gallatin, Tennessee, and can be served through its registered agent The Prentice-Hall Corporation, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203.

## JURISDICTION AND VENUE

3. This action is brought under the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; the Americans with Disability Act and the Tennessee Handicap Act; Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq* and Age Discrimination in Employment Act.

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff is a sixty five year old male hired by Defendant is 1980 as a Plant Helper.

9. Defendant is a steel mill located in Sumner County, Tennessee.

10. Plaintiff worked continuously for Defendant with an exceptional work record until his forced retirement in September 2011. Plaintiff was given the option of termination or retirement.

11. Over the last couple of years of his employment, Plaintiff was perceived to have a disability by Defendant and was held to a higher disciplinary and performance standard than his younger counter parts.

12. At the time of his forced retirement, Plaintiff worked in the Packing Department.

13. This department was required to be kept clean and as dust free as possible due to the risk of combustion and fire in the workplace.

14. For several years Plaintiff had met or exceeded the expectations of Defendant in this respect without being give the necessary tools at times. Plaintiff complained at times that neither he nor other Packing Department employees had the necessary tools to complete the task as requested.

15. On or about July 1, 2011, Plaintiff was hailed into a meeting with his supervisor and falsely accused of not keeping his work area clean and given a three day suspension and told to report back to work on or about July 7, 2011. Plaintiff's supervisor took a picture of the area Plaintiff was accused of not cleaning. However, Plaintiff had cleaned the area at the end of shift and two other employees had been working in the area immediately prior to his supervisor's picture

16. On or about August 7, 2011, Plaintiff reported to work to find his area extremely dirty and dusty. Other employees had been working in this area just prior to his arrival. Fearing more false accusations and disciplinary action, Plaintiff began cleaning the area. During this time, Plaintiff became weak and ill and was transported to a nearby emergency room. After his departure for the hospital, other employees continued working in the department without finishing the clean up and were never disciplined.

17. On August 24, 2011, Plaintiff asked the head of human resources about his rights under the Americans with Disability Act due to his hospitalization as well as his blood pressure problems and the emotional stress he was under due to the death of five co-workers in the facility just weeks before. Plaintiff received no assistance or information from human resources.

18. On or about August 26, 2011, Plaintiff called in sick and sought medical attention with regard to his blood pressure and the mental stress he was dealing with given the death of his co-workers.

19. On or about August 28, 2011, Plaintiff returned to work and turned a Family Medical Leave Act note from his doctor for his previous absence.

20. Just three days later, Plaintiff was hailed into a meeting with supervisors and informed he was being suspended indefinitely. Plaintiff asked for a reason but none was given.

21. On or about September 14, 2011, Plaintiff was again hailed into a meeting with supervisors and management at approximately 8:00 a.m. and falsely accused of not cleaning his area and that was the reason for his suspension. Later in the day at approximately 4:45 p.m. Plaintiff received a phone call from a member of Defendant's management and given three choices, *to wit,* take retirement, go on short term disability or be fired. Plaintiff had no option but to choose retirement.

22. Over the years other younger employees and those who were not perceived as disabled were not held to the same standard as Plaintiff when it came to keeping the Packing Department clean nor were they terminated for failing to do so.

23. Plaintiff's discipline and termination were motivated by his age, perceived disability, and use of FMLA.

## COUNT I

### Violations of the Civil Rights Act of 1991 Against Defendant

24. Defendant's discipline and termination of Plaintiff was a part of a knowing and

4

intentional pattern of discrimination in violation of the Civil Rights Act of 1991.

25. As a direct and proximate result of Defendant's violation of the Civil Rights of 1991, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT II

### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

26. Plaintiff filed his charge with the EEOC and demanded her Right to Sue Letter.

27. Defendant has over 500 employees.

28. During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such Defendant is subject to the rule, regulations and penalties of this law.

29, Defendant engaged in, condoned, and ratified harassing and discriminatory conduct of its employees which resulted in discrimination and a hostile work environment.

30. Defendant is directly or vicariously liable for discrimination under Title VII which results from the discriminatory practices and policies of its supervisors and managers of Defendant.

31. This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

32. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury

5

and loss along with other damages.

## COUNT III

### Violations of the Tennessee Human Rights Act Against Defendant

33. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

34. Defendant is a "person" as defined by the Tennessee Human Rights Act.

35. Defendant did segregate or classify Plaintiff based upon his age and perceived disability in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee in violation of T.C.A. §4-21-401.

36. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT IV

### Violations of the Age Discrimination in Employment Act

37. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

38. Defendant is a "person" as defined by the Age Discrimination in Employment Act.

39. Defendant did segregate or classify Plaintiff based upon his age in a way that would tend to deprive him of employment opportunities or otherwise adversely affect him status as an employee.

40. Defendant's discipline and termination of Plaintiff and treat him less favorably

6

than his younger counterpart resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

35. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT V

### Violations of the Americans with Disability Act and the Tennessee Handicap Act

28. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Americans with Disability Act and Tennessee Handicap Act.

29. Defendant is a "person" as defined by the Americans with Disability Act and the Tennessee Handicap Act.

30. Defendant did segregate or classify Plaintiff based upon his perceived disability in away that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee.

31. Defendant's decision to discipline and terminate Plaintiff and treat him less favorably than his non-disabled counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Americans with Disability Act and the Tennessee Handicap Act.

32. As a direct and proximate result of Defendant's violation of the Americans with Disability Act and the Tennessee Handicap Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

7

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

6. A judgment against Defendant for prejudgment interest; and

7. Such other relief as this Court deems proper.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

BY: _____
ANDY L. ALLMAN    #17857
Attorney for Plaintiff
103 Bluegrass Commons Blvd
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2070