IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRY WHITE )
)
v. ) NO. 3-12-0783
) JUDGE CAMPBELL
HOEGANAES CORP. )

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 21). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

## FACTS

Plaintiff is a former employee of Defendant Hoeganaes Corporation. Plaintiff's Complaint alleges that he is a sixty-five-year-old male who was hired by Defendant in 1980 as a Plant Helper. Plaintiff contends that he was forced to retire from Defendant's employ because of his age and his perceived disability. Plaintiff's Complaint asserts causes of action under the Civil Rights Act of 1991, Title VII, the Age Discrimination in Employment Act ("ADEA"), the Tennessee Human Rights Act ("THRA"), the Americans with Disabilities Act ("ADA"), and the Tennessee Disability Act ("TDA").

Defendant has moved for summary judgment on all of Plaintiff's claims, contending that Plaintiff was fired for a legitimate, non-discriminatory reason, his repeated violations of the company's housekeeping and safety rules, having nothing to do with his age or disability.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary

judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## CIVIL RIGHTS ACT OF 1991

Plaintiff alleges that Defendant's discipline and firing of him was discrimination which violated the Civil Rights Act of 1991. That statute, however, does not create a substantive right or an independent cause of action. *O'Barr v. United Parcel Service, Inc.*, 2013 WL 2243004 at * 12 (E.D. Tenn. May 21, 2013). Section 1981a permits victims of intentional discrimination to recover compensatory and punitive damages if they prove their claims under other substantive acts. *Id*. There is no such thing as a Section 1981a claim. *Id.*

Plaintiff's Response to Defendant's Motion on this point argues that Plaintiff was discriminated against after he participated in protected activity. There is no retaliation claim in the Complaint, however, so that argument is moot. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim under the Civil Rights Act of 1991, and that claim is dismissed.

## TITLE VII

Title VII prohibits discrimination on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Nowhere in Plaintiff's Complaint does he allege that he was discriminated against because of his race, color, religion, sex or national origin.

Therefore, Defendant's Motion for Summary Judgment on the Title VII claim is granted, and that claim is dismissed.

## AGE DISCRIMINATION[1]

Plaintiff contends that Defendant's discipline and termination of Plaintiff's employment were results of Defendant's pattern of discrimination based upon Plaintiff's age. Defendant argues that Plaintiff cannot establish this claim.

To establish a *prima facie* case of age discrimination, a plaintiff must show (1) he was a member of a protected class; (2) he was subject to an adverse employment action; (3) he was qualified for the job in question; and (4) he was replaced by a younger worker or treated differently from similarly situated employees outside the protected class. *Newcomb v. Allergy and ENT Assocs. of Middle Tenn.*, 2013 WL 1874257 at * 9 (M.D. Tenn. May 3, 2013); *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008).

---

[1] Claims brought under the THRA are governed by the same evidentiary framework that applies to ADEA claims. *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 651 (Tenn. Ct. App. 2001).

If the plaintiff sets forth a *prima facie* case, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Newcomb* at * 9. If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's nondiscriminatory explanation is a mere pretext for intentional age discrimination. *Id*.

At all times, the plaintiff carries the burden of persuasion. The plaintiff need not show that discrimination was the "sole" reason for his termination, just the actual or "but-for" reason. *Newcomb* at * 10 (citing *Lewis v.Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012)); *see also Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2350-52 (2009).

Plaintiff has shown that he is a member of a protected class and was subjected to an adverse employment action. Plaintiff has at least created a genuine issue of material fact as to whether he was qualified for the position. Plaintiff has not, however, offered evidence that he was treated differently from similarly situated younger workers.

Plaintiff argues that no younger workers were fired for violation of clean-up procedures, but he has not shown that any younger worker violated the safety/housekeeping rules three different times. In other words, he has not shown that younger workers were treated more favorably than he for similar or the same violations. In fact, Defendant maintains that *no* other employee (younger or older than Plaintiff) has violated the housekeeping/safety rules three times.

Because he cannot establish the fourth element of his claim, Plaintiff's age discrimination claim should be dismissed. Even if he could establish a *prima facie* case, however, Plaintiff has not shown that Defendant's nondiscriminatory reason for his firing was a pretext for age discrimination. Defendant states that Plaintiff was fired because of his repeated violation of Defendant's

housekeeping and cleaning procedures after receiving counseling, a written warning, and suspension for having engaged in the same conduct previously.

To demonstrate pretext and defeat summary judgment, Plaintiff must show that the proffered reason has no basis in fact, that the proffered reason did not actually motivate the firing, or that the proffered reason was insufficient to motivate the discharge. *Foster v. Spring Meadows Healthcare Center, LLC*, 2013 WL 829363 at * 9 (M.D. Tenn. March 6, 2013); *Chen v. Dow Chemical Co.*, 580 F.3d 394, 400 (6th Cir. 2009). Plaintiff has not shown that Defendant's decision was pretextual.

Plaintiff does not dispute that he received counseling, a written warning and a suspension. He disputes whether those disciplinary measures were warranted, but the Court will not second-guess the employer's business decisions so long as they are honestly held. An employer's proffered reason is considered "honestly held" where the employer can establish that it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Seeger v. Cincinnati Bell Telephone Co., LLC,* 681 F.3d 274, 285 (6th Cir. 2012).

A plaintiff is required to show more than a dispute over the facts upon which the discharge was based. *Seeger*, 681 F.3d at 285. The key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action. *Id.* Plaintiff's attempts to show pretext are essentially an attack on the credibility of Defendant's reason, but Plaintiff's subjective belief that he did not violate the rules is insufficient to rebut Defendant's nondiscriminatory reason. *See Tibbs v. Calvary United Methodist Church*, 2012 WL 5861725 at ** 5 (6th Cir. Nov. 20, 2012).

The ultimate burden to show age discrimination falls upon Plaintiff. Plaintiff has not presented admissible evidence of any person in management stating that Plaintiff was too old to

5

work. Neither has he shown that any decision-maker concerning his firing made statements with regard to Plaintiff's age. Plaintiff has the burden of showing that age was the "but-for" reason for his firing, and he has not carried that burden.

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's ADEA and THRA claims is granted, and those claims are dismissed.

## DISABILITY DISCRIMINATION[2]

To make out a *prima facie* case of employment discrimination under the ADA and THA, Plaintiff must show that (1) he is disabled, (2) he is otherwise qualified for the position, with or without reasonable accommodation, (3) he suffered an adverse employment action, (4) Defendant knew or had reason to know of Plaintiff's disability, and (5) either the position remained open or a non-disabled person replaced him. *Gecewicz v. Henry Ford Macomb Hospital Corp.*, 683 F.3d 316, 321 (6th Cir. 2012); *Newcomb* at * 5. For the fifth element, Plaintiff may also show that similarly situated non-protected employees were treated more favorably. *Dunavant v. Frito Lay*, 2013 WL 816673 at * 7 (M.D. Tenn. March 5, 2013). The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but for" cause of the employer's adverse decision. *Lewis*, 681 F.3d at 321.

In order to show that he is "disabled," as defined in the ADA, Plaintiff must show that he has a physical or mental impairment that substantially limits one or more major life activities,[3] a record

---

[2] A claim brought under the Tennessee Handicap Act is analyzed under the same principals as those utilized for the ADA. *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004); *Newcomb* at * 5.

[3] "Major life activities" include, among other things, standing, walking, lifting, bending and working. *Newcomb* at * 5; 42 U.S.C. § 12102(2).

6

of such impairment, or that Defendant regarded him as having such an impairment. *Gecewicz*, 683 F.3d at 321; 42 U.S.C. § 12102(1). Congress has stated that, as it relates to conduct occurring after January 1, 2009, the meaning of "disability" shall be construed in favor of broad coverage. 42 U.S.C. §12102(4)(A). In addition, the term "substantially limits" shall be construed broadly in favor of expansive coverage. 29 C.F.R. § 1630.2(j)(1)(i). Nonetheless, not every impairment will constitute a disability within the meaning of the ADA. 29 C.F.R. § 1630.2(j)(1)(ii).

Defendant argues that Plaintiff has not established that he has a "disability," as that term is defined in the ADA. Plaintiff asserts that his impairments (heat exhaustion, sensitivity to high heat, stress, high blood pressure and fatigue) substantially limit his ability to perform his job compared to other employees having comparable training, skills and abilities. Plaintiff has not shown, however, how his alleged disability substantially limits his ability to perform his job.

Even if Plaintiff created a genuine issue of material fact as to disability, however, Plaintiff has not shown that a non-disabled person replaced him or that similarly situated persons without disabilities were treated differently. Plaintiff has not pointed to any non-disabled person who had the same disciplinary infractions as he and was not fired.

Moreover, Defendant has articulated a legitimate, non-discriminatory reason for its decision, and as set forth above, Plaintiff has not shown that reason to be pretextual. Under the ADA, as with the ADEA, so long as the employer has an honest belief in its proffered nondiscriminatory reason, it is not pretextual simply because the employee disagrees with it. *See, e.g.,Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998); *Welch v. IAC Huron, LLC*, 2013 WL 4817591 at *4, n.2 (N.D. Ohio Sept. 10, 2013). Finally, Plaintiff has not shown that the "but-for" reason for his firing was his alleged disability.

7

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's ADA claim is granted, and that claim is dismissed.

## FAMILY AND MEDICAL LEAVE ACT ("FMLA")

Plaintiff's Complaint does not state an FMLA claim. The Complaint mentions FMLA only once, and that is ¶ 23, which states that "Plaintiff's discipline and termination were motivated by his age, perceived disability and use of FMLA." There is no count for violation of the FMLA and no facts alleged to support an FMLA claim.

Plaintiff's Response to Defendant's Motion suggests that Plaintiff claims his firing was because he had used FMLA leave, but (as noted above) there is no retaliation claim in Plaintiff's Complaint. For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's FMLA claim is essentially moot. To the extent that Plaintiff purports to assert an FMLA claim, that claim is dismissed.

## CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment (Docket No. 21) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE